# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-588V
**Filed: June 21, 2018**
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
TIMOTHY SELLING,                    *
                                    *
            Petitioner,             *    Ruling on Entitlement; Table Injury;
                                    *    Influenza (Flu) Vaccine; Shoulder
      v.                            *    Injury Related to Vaccine Administration
                                    *    (SIRVA).
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Maximillian J. Muller,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ryan D. Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

**Oler**, Special Master:

On May 18, 2016, Timothy Selling ("Mr. Selling" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program").  The petition alleges that the influenza ("flu")

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination Mr. Selling received on October 13, 2014 caused him to develop "left shoulder injuries" immediately after vaccination.  Petition at 1.

## I. Procedural History[3]

Based on the allegations raised in the petition, this case was initially assigned to the special processing unit ("SPU") to be overseen by Chief Special Master (CSM) Dorsey.  *See generally* SPU Initial Order, ECF No. 6.  For approximately seven months, the parties attempted to informally resolve this case.  *See* ECF Nos. 9-10, 12-18, 20, 22-23.  On March 3, 2017, Respondent filed a status report stating that the parties' settlement positions remained divergent, and requesting further proceedings be scheduled in this case.  ECF No. 24.

This case was transferred out of the SPU on June 26, 2017, and was reassigned to two other special masters (*see* ECF Nos. 32-35) before eventually being reassigned to my docket on December 1, 2017 (*see* ECF Nos. 36-37).  I held a fact hearing on April 4, 2018.  Petitioner and his wife testified via video teleconference (VTC) regarding the onset of his symptoms after the October 13, 2014 flu vaccination.  *See* minute entry of 4/4/2018.

After considering the entire record of this case, including the testimony of the witnesses, the medical records, and affidavits, I issued a Ruling on Onset on May 24, 2018, finding that Petitioner began to experience left shoulder pain within 48 hours of his October 13, 2014 flu vaccination.[4]  *See* Ruling on Onset at 11.

---

[3] In this section, I only provide a brief summary of the lengthy procedural history of this case.  A detailed accounting of the procedural history is outlined in my Ruling on Onset issued on May 24, 2018.  *See* Ruling on Onset at 2-3, ECF No. 46.

[4] The record of this case reflects that Petitioner suffered from a right shoulder injury starting in the mid-1980s, which Petitioner did *not* allege was due to his flu vaccination of October 13, 2014.  *See* Ruling on Onset at 6-11 (discussion regarding Petitioner's right shoulder injury); *see also* Petition at 1 (Petitioner alleging that his flu vaccination of October 13, 2014 caused him to develop "left shoulder injuries" immediately after vaccination).

In his Rule 4(c) Report filed on March 14, 2017, Respondent contends that because Petitioner complained of symptoms in his right shoulder, that complaint "weighs against a finding of a causal association between [P]etitioner's left shoulder pain specifically and vaccination." Rule 4(c) Report at 5.  I concluded that "the existence of a right shoulder injury sustained decades ago is not relevant to Petitioner's left shoulder pain at issue in this case."  *See* Ruling on Onset at 11.  I arrived at this conclusion after carefully considering the entire record. *See Paterek v. Sec'y of Health & Human Servs.*, 527 Fed. Appx. 875, 884 (Fed. Cir. 2013) ("Finding certain information not relevant does not lead to – and likely undermines – the conclusion that it was not considered.")

On June 18, 2018, Respondent filed an Amended Rule 4(c) Report, stating, in relevant part, as follows:

> [W]hile preserving his right to appeal the Special Master's finding that [P]etitioner began to experience left shoulder pain within forty-eight hours of receiving his October 13, 2014 flu vaccination in his left arm, [R]espondent accepts the Court's Ruling on Onset, dated May 24, 2018, as the law of the case for purposes of further proceedings before the Special Master.

Amended Rule 4(c) Report at 5. Respondent additionally acknowledges that: "[i]n light of [my] fact ruling, and [the] medical record evidence submitted in this case, [Respondent] has concluded that [P]etitioner suffered SIRVA [Shoulder Injury Related to Vaccine Administration] as defined by the Vaccine Injury Table." Amended Rule 4(c) Report at 5. Respondent further agrees that Petitioner has suffered the residual effects of his condition for more than six months. *Id.*

## II.  Ruling On Entitlement

In light of Respondent's position highlighted in his Amended Rule 4(c) Report, and my examination of the evidence of record, I find that Petitioner is entitled to compensation.

A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

                                                               **/s/ Katherine E. Oler**
                                                               Katherine E. Oler
                                                               Special Master